# HOLMES v MELLON, etc.

## Case No. 90-303AP

Eleventh Judicial Circuit, Dade County

June 28, 1991

### APPEARANCES OF COUNSEL

**Nancy C. Wear, Esquire,** for petitioner.

**Enoch J. Whitney,** General Counsel, **Kim Feigin,** Assistant General Counsel, for respondent, Mellon, as Executive Director of Department of Highway Safety and Motor Vehicles.

Before SALMON, JONES, POSTMAN, JJ.

### OPINION OF THE COURT

SALMON, J.

Holmes was arrested for DUI, and his license was seized pursuant to

Florida Statutes, Section 322.2615(1)(a) (1989). He requested a formal review from respondent's department, which resulted in a hearing officer's order sustaining the suspension. Holmes seeks review of that order raising many grounds. In our view, two grounds are well taken, and we grant certiorari.

The hearing officer, in order to sustain the suspension, must, among other things, determine whether the arresting officer had probable cause to believe that Holmes was driving or in control of a motor vehicle while under the influence of alcoholic beverages, and whether Holmes' blood alcohol was unlawful. There is no *competent* evidence that either requirement was met.

All that was presented to the hearing officer on these questions was documents. The probable cause document was not signed by the arresting officer. It was signed by the officer who performed the breathalyzer test. The record indicates that Holmes was involved in an accident. In what capacity and under what circumstances are not stated. The respondent speculates that the arresting officer probably had cause to arrest Holmes, and that he must have told the second officer what that cause was, and that the hearing officer could "infer" that Holmes was driving.[1] Nonetheless, there is no competent evidence to support the conclusion.

The alcohol level of Holmes' blood was shown by test results. Holmes claims the test results were inadmissible because the readings vary by more than the $\pm$ .02 deviation permitted by the applicable regulations. The first and second readings were a substantial deviation; as were the second and third readings. The test and the permitted deviations were undoubtedly adopted so that the test results would have the necessary reliability and trustworthiness that allows relevant evidence to be considered. Having failed that test, the scores should not have been considered. There was no other evidence relating to blood alcohol level.

We have considered the other grounds raised by Holmes, and find them to be without merit.

Certiorari granted; the order of suspension of petitioner's driver's license by respondent is vacated.

JONES and POSTMAN, JJ., concur.

CERTIORARI GRANTED.

---

[1] Precisely how the respondent knows that the information was given by one officer to the other is not disclosed by the record; neither officer testified.